# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DIANNA KRANNACKER, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | Civil No. 18-1009 |
|  | ) |  |
| HAMILTON HILLS, INC. *trading and* | ) |  |
| *doing business as* HAMILTON HILLS | ) |  |
| PERSONAL CARE FACILITY, and | ) |  |
| RON OLENIK, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

**AND NOW**, this 2nd day of May, 2019, upon consideration of Plaintiff's Response to Order to Show Cause (ECF No. 31), and having found good cause, it is ORDERED that the Clerk's Entry of Default (ECF No. 27) entered on April 19, 2019, is hereby set aside.

In setting aside default, the Court notes that the United States Court of Appeals recently stated that it has "repeatedly acknowledged that . . . 'defaults are drastic sanctions' that 'must be a sanction of last, not first, resort,'" and that "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." Hildebrand v. Allegheny Cty., No. 18-1760, 2019 WL 1783540, at *3 (3d Cir. Apr. 24, 2019) (quoting Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867, 869 (3d Cir. 1984)).

IT IS FURTHER ORDERED that Plaintiff's request for payment of expenses related to alternative service is DENIED.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:   W. Charles Sipio, Esquire
      Timothy M. Kolman, Esquire
      (*via CM/ECF Electronic Mail*)

      Ronald Olenik, Pro Se Defendant
      (*via Certified and First-Class Mail*)